**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|   |   |   |
|---|---|---|
| **MELVIN STANLEY YATES, II** | * | |
| Appellant/Debtor | * | |
| v. | * | Case No. 06cv3199 RWT |
| **DISTRICT OF COLUMBIA** | * | |
| Appellee | * | |

## MEMORANDUM OPINION

This Court is very familiar with the factual background of this case, having held hearings in related cases on two occasions.[1] As such, pursuant to the Federal Rules of Bankruptcy Procedure, Rule 8012, this Court finds "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument," and therefore, a hearing is unnecessary. For the reasons articulated below, this Court will affirm the decision of the Bankruptcy Court by separate order.

## BACKGROUND

Judge Catliota provided a detailed summary of the history of the protracted litigation between the parties in the opinion which is the subject of this appeal, Memorandum of Decision ("Decision"), at 3-9, and this Court will not repeat it here. It will only be necessary to summarize

---

[1] On November 10, 2004, the Court held a hearing on Appellant's bankruptcy appeal in *Melvin Stanly [sic] Yates, II v. District of Columbia*, Civil Case Number RWT 04-2845. After hearing argument, the Court affirmed the decision of the bankruptcy court, and the Fourth Circuit affirmed. *See Melvin Stanley Yates, II v. District of Columbia*, Case No. 04-2504 (filed July 27, 2005).

On November 6, 2006, the Court held a consolidated hearing on pending motions in *Melvin Stanley Yates, III [sic] v. District of Columbia*, Civil Case Number RWT 06-995, and *Melvin Stanley Yates, II v. District of Columbia*, Civil Case Number RWT 06-1113. In light of the opinion and order issued on November 3, 2006 by Bankruptcy Judge Thomas J. Catliota, the Court dismissed both actions.

the procedural history of the latest appeal now pending before this Court.

On March 16, 2006, Melvin Stanley Yates, II, Appellant/Debtor, filed in the Bankruptcy Court an emergency motion to reopen his Chapter 7 bankruptcy case, and a Complaint for Permanent Injunction. In his complaint, Appellant sought to permanently enjoin the District of Columbia, Appellee, from pursuing contempt proceedings, collecting civil penalties, or enforcing an injunction entered in Civil Action No. 962-02, in the Superior Court of the District of Columbia ("the Civil Action") based upon pre-petition claims against Appellant, and also sought damages against Appellee for its alleged violations of a preliminary injunction entered by the Bankruptcy Court, and violations of 11 U.S.C. §§ 525(a) and 524(a)(2).[2] The next day, Appellant filed a motion for a temporary restraining order and a preliminary injunction against Appellee. On April 17, 2006, the Bankruptcy Court denied the motion for temporary restraining order and preliminary injunction.[3] On November 3, 2006, the Bankruptcy Court granted Appellee's Motion for Summary Judgment. On November 6, 2007, Appellant noted his appeal to this Court.

## ANALYSIS

This Court will not set aside the Bankruptcy Court's findings of fact unless they are "clearly erroneous," *see* Fed. R. Bankr. Pro. 8013, but reviews conclusions of law *de novo*. *See In re Bryson Properties, XVIII*, 961 F.2d 496, 499 (4th Cir. 1992).

This Court will address the issues in this appeal based on the individual statutes and Bankruptcy Court orders that Appellant alleges Appellee has violated.

---

[2] Appellant added a claim relating to Appellee's alleged violation of 11 U.S.C. § 524(a)(2) in his amended complaint, filed March 21, 2006.

[3] Appellant's appeal from this denial was previously before the undersigned. *See supra*, note 1.

<u>11 U.S.C. § 525(a)</u>

The Bankruptcy Court held that the District did not violate 11 U.S.C. § 525(a) because "(1) the District did not seek or obtain the imposition of the surety bond and the injunction 'solely because' the Debtor was a debtor in bankruptcy, was insolvent or failed to pay a dischargeable debt; and (2) the surety bond obligation is a nondischargeable debt." *See* Decision, at 11.

Section 525(a) of Title 11 provides, in pertinent part:

> [A] governmental unit may not deny, revoke, suspend, or refuse to renew a license . . . [to] a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act . . . ***solely because*** such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

(emphasis added).

Based on the record before it, this Court agrees with the Bankruptcy Court's conclusion that Appellee sought to impose the obligation to post a surety bond against Appellant as a result of his fraudulent activities in the District of Columbia, and not solely because of the bankruptcy proceedings. After a trial in the Civil Action, a jury specifically found that Appellant had mislead customers. *See* Appellant's Brief, Exh. 8, at 48. Therefore, under the plain language of 11 U.S.C. § 525(a), this Court cannot find that Appellee refused Appellant a license "solely because" he previously filed for bankruptcy, was insolvent, or failed to pay dischargeable debts.[4] As such, this Court will affirm the Bankruptcy Court on this ground.

---

[4] This Court finds no fault with the Bankruptcy Court's alternative finding, that the surety bond obligation was not a dischargeable debt. However, this Court's holding that Appellee's requirement of a surety was not a result of an improper discriminatory motive, in violation of 11 U.S.C. § 525(a), obviates the need for discussion of the Bankruptcy Court's alternative conclusion.

<u>2003 Injunction of the Bankruptcy Court</u>

Appellant asserts that Appellee is precluded from requiring any bond based on the fraudulent acts of Appellant, as such a bond would relate to discharged pre-petition claims, in violation of the 2003 Injunction of the Bankruptcy Court. That injunction provides, in pertinent part:

> FURTHER ORDERED: That the District of Columbia be and is hereby enjoined from conditioning any license or employment opportunity of Mr. Yates based upon his payment or nonpayment or on the posting of the aforementioned surety bond for the benefit of any consumer injured, as defined in the Preliminary Injunction, to the extent such payment, nonpayment, ***or bond requirement relates to any claims arising prior to March 19, 2003, which have been discharged by the discharge order*** entered herein unless and until any and all of such claims are determined herein to be non-dischargeable[.]

*See* Order Issuing Preliminary Injunction as to Certain Aspects of Litigation Pending in the Superior Court of the District of Columbia, at 2; Appeal Exh H8, at 86. (emphasis added).

The parties agree that the surety bond currently required by Appellee could not be used to satisfy pre-petition claims. Appellant asserts, however, that Appellee, having dismissed with prejudice its claims pursuant to 11 U.S.C. § 523(a),[5] cannot use fraud as the basis for any surety bond, even one prospective in nature.

This argument is very similar to one previously raised by Appellant. Prior to the trial in the Superior Court Civil Action, Appellant sought to have all evidence of fraud relating to pre-petition claims excluded. The Superior Court concluded the evidence was admissible, as did the Bankruptcy Court, this Court, and the Court of Appeals for the Fourth Circuit. *See* Decision, at 7 n.9. Indeed,

---

[5] *See* 11 U.S.C. § 523(a) ("A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-- . . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .")

as noted in Judge Catliota's most recent opinion, the Bankruptcy Court then held:

> the withdrawal with prejudice of the Section 523(a)(2) nondischargeability count by D.C. in its adversary proceeding was preclusive only of whether any alleged debt of Plaintiff in favor of D.C. was nondischargeable pursuant to Section 523(a)(2); ***but not as to the underlying existence of fraud***. . . . [U]nder res judicata theories, D.C. is precluded from ever seeking a determination that any such debt is nondischargeable under Section 523(a)(2). However, the court ruled that ***D.C. was not precluded from litigating the existence of, or attempting to litigate the existence of fraudulent acts*** in the Superior Court in connection with the Civil Litigation claims that may be in the nature of Section 523(a)(7) penalties.

*See* Order Denying Plaintiff's Motion for Injunction Pending Appeal, at p. 5-6; Appeal Exh. I9, at 89 (emphasis added).

In the instant case, this Court, as did the Bankruptcy Court, finds that Appellee's requirement of a surety bond did not violate the 2003 Injunction of the Bankruptcy Court, as the plain language of that injunction only prohibited the requirement of a bond to satisfy "claims arising prior to March 19, 2003." Appellee's dismissal of claims pursuant to 11 U.S.C. § 523(a)(2) did not forever shield Appellant from any consequences of his fraudulent activities; it merely waived any claim Appellee may have had as to the nondischargeability of those particular debts. The requirement of a surety bond was designed to protect consumers from damages caused by any future, not past, fraudulent activities of the Appellant. As such, this Court will affirm the Bankruptcy Court on this ground.[6]

<u>11 U.S.C. §§ 524(a)(2), 523(a)(7)</u>

Appellant argues that the requirement of a surety bond violates 11 U.S.C. § 524(a)(2). That section provides: "A discharge in a case under this title-- . . . (2) operates as an injunction against

---

[6] In its opinion, the Bankruptcy Court also addressed Appellant's apparent claims as to particular fraudulent acts in 2000. *See* Decision, at 22-23. This Court sees no reason why these particular acts would compel a different conclusion as to the legality of the surety bond under 11 U.S.C. §§ 524, 525, or the 2003 Injunction of the Bankruptcy Court.

the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . ." 11 U.S.C. § 524(a)(2).

This Court notes that pursuant to 11 U.S.C. § 523: "(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-- . . . (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." 11 U.S.C.A. § 523(a)(7). In the Superior Court Civil Action, Appellant was found liable for fraudulent acts in relation to his business. In conjunction with this finding, civil penalties, a surety bond, and any fines imposed as a result of Appellant's failure to secure such a bond, fall squarely within the exception outlined in 11 U.S.C.A. § 523(a)(7).[7] As such, this Court will affirm the bankruptcy Court on this ground.

## CONCLUSION

For the reasons articulated above, this Court will affirm the decision of the Bankruptcy Court and dismiss Appellant's appeal, by separate order.

DATE: 2/13/07

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[7] To the extent that Appellant argues that Appellee's dismissal of its 11 U.S.C. § 523(a)(2) claims somehow affects the application of 11 U.S.C. § 523(a)(7), this Court finds that contention is without merit. *See also supra*, p. 5.